UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACTSOFT, INC.,

    Plaintiff,

v.        CASE NO. 8:08-cv-00628-T-23-EAJ

ALCOHOL MONITORING SYSTEMS,
INC.,

    Defendant.
                                       /

**ORDER**

The defendant, Alcohol Monitoring Systems, Inc. ("AMS"), moves (Doc. 8) to dismiss the action or, alternatively, to transfer to the District Court of Colorado. The plaintiff, Actsoft, Inc. ("Actsoft") responds in opposition.

Actsoft, a Florida corporation, maintains its principal place of business in Tampa, Florida. (Doc. 1, ¶ 4) AMS, a Delaware corporation, maintains its principal place of business in Littleton, Colorado. (Doc. 1, ¶ 5) Actsoft and AMS are competitors in the market of alcohol detection systems. (Doc. 1, ¶ 8) Actsoft manufactures and distributes the "House Arrest Solution" ("HAS") bracelet, which monitors by Global Positioning System an offender's location and alcohol consumption. (Doc. 1, ¶ 6) AMS manufactures an alcohol monitoring bracelet and software known as "SCRAM" and owns United States Patent No. 5,220,919 ("the '919 Patent"). (Doc. 1, ¶ 7; Doc. 8 at 2)

AMS which sued Actsoft in October, 2007, in the District of Colorado (the "Colorado action") alleges that Actsoft's HAS bracelet infringes the '919 Patent. (Doc. 8

at 2)  Actsoft which sued AMS in April, 2008, in the Middle District of Florida alleges (1) that AMS published electronic bulletins containing "false or misleading representations" regarding the HAS bracelet in violation of section 43(a)(1)(B) of the Lanham Act and (2) that these statements are "defamatory per se."  (Doc. 1, ¶¶ 2, 7)

AMS moves (Doc. 8) to dismiss or alternatively moves to transfer this action to the District of Colorado pursuant to the "first-filed rule," which requires that in cases involving "overlapping issues and parties" the federal court in which a controversy is "first filed" should retain plenary authority to resolve the entire dispute.  Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982) (citing Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407 (5th Cir. 1971)); Texas Instruments, Inc. v. Micron Semiconductor, Inc., 815 F. Supp. 994, 997 (E.D. Tex. 1993) (holding that the first-filed rule applies when "the two actions involve closely related questions or common subject matter").  The "first-filed rule" considers (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues.  Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 553 (S.D.N.Y. 2000); Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Cal. 2003).

Before the commencement of this case, AMS filed a patent infringement claim against Actsoft in Colorado.  Actsoft and AMS corporate representatives will testify in both actions.  The Colorado action requires a determination of whether the HAS bracelet infringes the '919 Patent.  If the HAS bracelet infringes the '919 Patent, Actsoft is not entitled to manufacture and distribute the HAS bracelet without a license.  The

present action includes a Lanham Act claim, the resolution of which requires a determination of whether Actsoft is entitled to manufacture the HAS bracelet. The two actions involve common subject matter, the putative infringement of the '919 Patent. Because this issue overlaps with the issue asserted in the Colorado action, the Colorado court should resolve this controversy fully. Transfer to Colorado conserves judicial resources and precludes the possibility of conflicting judgments.

The "first-filed rule" supports transfer because this case satisfies each component of the rule. The motion (Doc. 8) to dismiss is **DENIED**. The motion (Doc. 8) to transfer is **GRANTED** and the Clerk shall (1) transfer this case to the District of Colorado and (2) close the case.

ORDERED in Tampa, Florida, on June 3, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE